**ERICA D. LOYD, ESQ.**
Nevada Bar No.:10922
Of Counsel
4731 Spring Mountain Road, Unit B
Las Vegas, Nevada 89102
E: erica@kanjilv.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KANJI COPORATION, a Domestic Corporation; JJANGA, LLC., a Domestic Limited Liability; HJH, LLC., a Domestic Limited Liability; RAMEN AKU, LLC., a Domestic Limited Liability, <br><br> Plaintiffs, <br> v. <br><br> YOSHIHARU GLOBAL COMPANY, a Foreign Corporation; YOUSHIHARU LV, LLC., a Domestic Corporation; JI-WON KIM, as an Individual; DOE DEFENDANTS 1- 20, Inclusive, <br><br> Defendants. | **Case No.: 2:25-cv-01328** <br><br><br><br> **<u>AMENDED COMPLAINT</u>** |

COMES NOW, Plaintiff, KANJI LLC., by and through, its attorney ERICA D. LOYD, ESQ., amends the complains, alleges and avers as follows:

## JURSIDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and Nevada state statutes prohibiting illegal and redress deprivation of rights under these laws.

2. Plaintiffs' statutory claims arise under including but not limited to U.S. Securities and Exchange Commission laws, *et. seq.*

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1331.

4. This action, also, includes two similar claims arising out of Nevada state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a).

5. Jurisdiction in this case is also proper pursuant to N.R.S. 14.065.

6. This Court has jurisdiction over KANGI's state law claim pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

## PARTIES

8. Plaintiffs, KANJI CORPORATION, at all times relevant to this Complaint, is a Domestic Corporation of Clark County, Nevada and at all times contracts, employs and operates businesses within Clark County, Nevada.

9. Plaintiffs, JJANGA LLC, at all times relevant to this Complaint, is a Domestic Limited Liability Company of Clark County, Nevada and at all times contracts, employs and operates businesses within Clark County, Nevada.

10. Plaintiffs, HJH LLC, at all times relevant to this Complaint, is a Domestic Limited Liability Company of Clark County, Nevada and at all times contracts, employs and operates businesses within Clark County, Nevada.

11. Plaintiffs, RAMEN AKU LLC, at all times relevant to this Complaint, is a Domestic Corporation of Clark County, Nevada and at all times contracts, employs and operates businesses within Clark County, Nevada.

12. Collectively, the Plaintiffs' will be referred to as "KANJI."

13. Defendant YOSHIHARU GLOBAL COMPANY is a Foreign Corporation that at all times contracted with Plaintiffs, employed employees and operated businesses within Clark County, Nevada.

14. Defendant YOSHIHARU LV, INC. is a Domestic Corporation that at all times contracted with Plaintiffs, employed employees and operated businesses within Clark County, Nevada.

15. Defendant JI-WON KIM is an Individual that, both, owns and operates businesses within Clark County, Nevada.

16. Collectively, Defendants will be referred to as "YOSH."

17. DOE Defendants 1 through 20, inclusive, are persons, corporations or business entities who are, or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants. The true identities of the DOE Defendants are unknown to Plaintiffs at this time. Plaintiffs therefore allege that DOES 1-20, inclusive, may be responsible in part for damages or injuries suffered by Plaintiffs as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiffs will seek leave to amend this Complaint as soon as the true identities of DOE Defendants 1-20, inclusive, are revealed to Plaintiffs.

18. At all times relevant hereto, Plaintiffs and Defendants operated in Clark County, Nevada.

## GENERAL ALLEGATIONS

19. This case is a pervasive deprivation and unlawful case whereby Defendant reprehensibly and repetitively violated several well-established laws.

20. In or around October 23, 2023, Plaintiffs' KANJI and Defendants YOSH agreed to a contractual agreement.

21. Said agreement was made where YOSH would pay the amount of $3,600,000.00 (Three Million and Six Hundred Thousand Dollars).

22. Pursuant to the Agreement Defendants YOSH paid the $3,000,000.00 but still owes the $600.000.00.

23. As of June 7, 2025, YOSH is in default under the Agreement's Carry Loan Notes within the Agreement.

24. Due to non-payment of the first $300,000.00 installment, the Agreement's acceleration clause has come into demand for the full remaining balance of $600,000.00 is now immediately due.

25. The remaining $600,000.00 is remaining due and owing as of today's date.

26. During the transition period between the parties from April 2024 to August 2024, KANJI covered numerous operational expenses while YOSH took over vendor accounts and business operations.

27. Here, former CEO James Chae assured us that Plaintiffs' expenses would be reimbursed.

KL ACOMP | 4

28. Thus, a detailed ledger was submitted in October 2024, which, also, remains unpaid.

29. Most egregiously, YOSH failed to pay rent causing unpaid monthly operating fees of $15,000.00 dollars per month.

30. Following the closing, KANJI continued to operate the businesses on behalf of YOSH under an Agreement that the YOSH would compensate the KANJI at a rate of $15,000.00 dollars per month.

31. This agreement was accepted and relied upon by both parties, and operational duties have been performed accordingly — including management, staffing, purchasing, and daily execution of restaurant operations using KANJI's personnel and infrastructure. To date, no payments have been received for these services.

32. In fact, YOSH has knowingly accepted this benefit and remains responsible under principles of quantum meruit, unjust enrichment, and/or implied contract.

33. Currently, YOSH is operating under Plaintiff KANJI's business licenses and liquor licenses without any formal transfer or assumption.

34. This unauthorized use is exposing KANJI to ongoing regulatory and legal liability.

35. As of July 2025, YOSH will begin charging a monthly licensing fee of $10,000 per store for JJANGA LLC and HJH LLC only, per license of business and liquor.

36. Per the Agreement YOSH, must secure and transition to your own licenses no later than July 31, 2025, to avoid operational disruption and enforcement actions.

…

37. Upon receipt of the payments above, KANJI will submit a final ledger accounting for all unreimbursed operational expenses, monthly license usage fees $10,000 fees for JJANGA LLC and HJH LLC, and interest calculated at 8% per annum, compounded monthly.

38. This accounting will remain open-ended to capture any outstanding obligations, and all balances reflected in the final ledger that is ongoing to date.

39. Payroll and most vendors have transitioned, all remaining vendor accounts, utility services, and operational details must be fully transitioned by July 31, 2025.

40. Due to the rent and payment failures results in immediate termination of all KANJI provided support, including license use and financial access.

41. Here, YOSH notifies and advised that effective immediately, KANJI disclaims all liability for any claims or problems arising from the Buyer's failure to assume full operations; this includes employee complaints, vendor collections, and licensing violations.

42. The total loss for Plaintiff KANJI is $184,626.34 and rising for the rent and several other non-payments owed to KANJI.

43. However, the loss of income will be added to this total of loss due to failure to operate the restaurants mentioned herein.

44. Thus, in order to receive recompense and true justice, Plaintiff KANJI is filing this lawsuit.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against All Defendants)**

45. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through fifty-two (44) above as though fully set forth hereafter.

46. Nevada Courts assert that "[a] breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement." *Calloway v. City of Reno*, 993 P. 2d 1259, 1263(2000).

47. Plaintiffs KANJI and Defendants YOSH executed a valid Purchase Agreement ("Agreement') that Defendant would provide monies to run and own three of KANJI's restaurant locations.

48. Defendants YOSH breached the Agreement terms when it failed to engage in the acts that it promised in the Agreement.

49. Defendants YOSH continues to violate the Agreement, in that Defendants continue to pay rent, pay employees and abide by the requirements of the Agreement.

50. Defendants YOSH to pay rent to landlords, pay monies to KANJI and continue to upkeep the property and the utilities with said property.

51. Defendants YOSH have ignored its contractual obligations under the Agreement and failed to perform acts required in the Agreement.

52. Defendant YOSH intentional breach was the actual and proximate cause of Plaintiff KANGI's damages.

53. Plaintiffs KANGI asserts that Defendant YOSH profited from its contractual performance whereby Defendant YOSH remained in omissions that became consistent violations of the terms of the Agreement.

54. Given the breach and the delayed months of completion, KANGI has incurred damages due to YOSH's failure to pay rent, paying employer wages and monies owed to KANJI.

55. Thus, Defendants YOSH completely breached the Agreement by failing to comply with the terms within the Agreement.

56. Again, as stated Plaintiffs KANGI performed all of its obligations under the Agreement with providing ownership of three (3) restaurants to Defendant YOSH.

57. Defendants YOSH aforementioned acts and omissions are a direct, proximate, and foreseeable result of Defendants breached the Agreement; Plaintiffs KANGI has incurred compensatory damages in substantial amounts.

58. As a result of Defendants YOSH's failures causing the breach of contract, KANGI has been damaged and has suffered damages in an amount in excess of $1,000,000.00.

59. Plaintiffs KANJI experiences and endures actual damages in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
**(Against All Defendants)**

60. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through sixty-seven (59) as though fully set forth hereafter.

61. In this matter, Plaintiffs KANJI seeks to recover damages based upon the claim for rent and well as proper maintenance claims that Defendant YOSH breached its fiduciary duties to KANJI.

62. KANJI and YOSH have entered into a written Agreement regarding the conveyance of three (3) restaurants.

63. Plaintiff KANJI has sustained or will sustain some damages due to Defendants YOSH failure to adhere to the Agreement between the parties.

64. KANJI's damages could have been prevented if Defendants YOSH had performed its fiduciary duties as required within the Agreement.

KL ACOMP | 8

65. Defendant YOSH's acts or omissions are and were a substantial factor in bringing about Plaintiff KANJI's damages of failure to pay rent, pay the Agreement as well as failing to upkeep per the Agreement.

66. KANJI's damages would have been reasonably foreseeable to a person in YOSH's position under similar circumstances.

67. YOSH had a duty to act without breaching the Agreement and failing in performing its' obligations under the written Agreement.

68. As a result of Defendant YOSH's breach of fiduciary duty, KANGI has been damaged and has suffered damages in an amount in excess of $1,000,000.00.

### THIRD CAUSE OF ACTION
#### FRAUDULENT MISREPRESENTATIONS
**(Against All Defendants)**

69. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through seventy-six (68) above as though fully set forth hereafter.

70. Fraudulent misrepresentation is established by six factors: (1) Defendants makes a false representation or misrepresentation as to an existing fact; (2) with knowledge or belief by Defendants' representation is false; (3) Defendants intended to induce Plaintiff to act in reliance on the representation; (4) justifiable reliance upon the representation by the plaintiff; (5) causation and damages to Plaintiffs as a result of relying on misrepresentation; and (6) must be proved by clear and convincing evidence and be pled with specificity. *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 51 (2005)

71. Defendants YOSH made false representations that it intended to provide Plaintiffs KANJI made false and fraudulent representations about paying for rent as well as paying KANJI as promised in the Agreement.

72. Plaintiffs KANJI is now within knowledge and belief due to failure to pay per agreement as well as carelessly failing to pay KANJI the monthly $10k minimum as agreed upon are direct demonstrations of Defendants' YOSH false representation.

73. Defendants intended to induce Plaintiffs to act and agree in reliance on the false representations.

74. To be clear, after the original payment, Plaintiffs KANJI had justifiable reliance upon Defendant YOSH's representations; especially the Agreement representations coupled with extra payments per each restaurant.

75. Defendants' constant refusal as well as causing damages to Plaintiffs as a result of KANJI's reliance on the numerous and constant misrepresentation.

76. Defendant YOSH intentionally made several false misrepresentations in an effort to induce and gain a financial benefit from Plaintiffs KANJI.

77. In this case, KANJI was severely harmed financially.

78. Plaintiffs KANJI experiences and endures actual damages in an amount subject to proof at trial.

…

…

…

…

…

**WHEREFORE**, Plaintiffs' KANGI, JJANGA, HJH and REAMEN AKU, pray for judgment against Defendants YOSHIHARU GLOBAL COMPANY, YOUSHIHARU LV, INC. and JI-WON KIM as follows:

    (1) For monies due and owing;
    (2) For general damages;
    (3) For loss of income;
    (4) For post judgment interest;
    (5) For costs of suits incurred herein; and
    (6) For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED this day 28<u>st</u> August, 2025.

_____
Erica D. Loyd, Esq.

E: erica@kanjilv.com
*Attorney for Plaintiffs*